PER CURIAM.
Mary Bunion appeals her convictions and sentences for aggravated assault (BR-320), and simple battery and second degree murder (BR-321). We modify and affirm.
Appellant raises several issues on appeal, only two of which merit discussion. At the sentencing hearing the lower court announced that it would give appellant 143 days jail time credit; however, the judgment and sentence for appellant’s aggravated assault conviction erroneously provided for only 2 days jail time credit. Accordingly, the sentence in BR-320 is modified to properly reflect the lower court’s oral pronouncement of 143 days jail time credit.
Appellant also contends that the trial court erred in refusing to reinstruct the *81 jury on justifiable use of deadly and non-deadly force. After deliberating approximately one and one-half hours, the jury sent a note to the trial judge requesting to hear how the law differentiates between (a) guilty as charged and (b) guilty of the lesser included offense of manslaughter with respect to the second degree murder charge. The judge agreed to reinstruct the jury on second degree murder, manslaughter, justifiable homicide and excusable homicide. He further stated he would ask the jurors whether they wanted to be rein-structed on the justifiable use of deadly and nondeadly force. Defense counsel objected to leaving the decision up to the jury and requested that the court reinstruct on justifiable use of deadly and nondeadly force. The trial judge denied this request. The jurors were then asked whether they wanted to hear the instruction on justifiable use of deadly and nondeadly force again and, after conferring among themselves, they unanimously indicated that they did not.
Although it was error for the trial judge to refuse to reinstruct on Bunion’s theory of defense, the failure to reinstruct was not reversible error under the circumstances of this case. The jury did not request rein-struction on the justifiable use of deadly and nondeadly force and, after being questioned as to whether they wanted to hear such reinstruction, they unanimously agreed they did not. The only logical conclusion that can be drawn from these facts is that the jury had been adequately instructed on the issue of justifiable use of deadly and nondeadly force, understood the instruction, and had no questions regarding it. Under those circumstances the error was harmless.
As modified, the judgments and sentences appealed are AFFIRMED.
SHIVERS, THOMPSON and ZEHMER, JJ., concur.